IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE L. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-463-SLR |
| | ) |
| ALLISON TEXTER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Jermaine L. Carter ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3, 7, 8, 9)[2]

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The court construes D.I. 8 and 9, docketed as motions to amend complaint, together as the second amended complaint.

complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). A court that considers whether an action is malicious must determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). Repetitive litigation is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. Sept. 26, 2013).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

2

Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Allegations in the Complaint.** Plaintiff alleges that deputy attorneys general Allison Texter ("Texter") and Brian Ahern ("Ahern") initiated an indictment from June 22, 2009 to December 18, 2009, that resulted in his indictment of 129 charges and an "incorrect sentence of life plus 45 years." (D.I. 3 at 5, D.I. 7 at 1, D.I. 9 at 1) Plaintiff alleges that the proceeding was initiated without probable cause due to insufficiency of evidence and because of an illegal search and seizure. He further alleges that the criminal proceeding ended in his favor due to the incorrect indictment of 129 charges, "which was illegal". (D.I. 7 at 1) Plaintiff alleges that defendants (all deputy attorneys general) engaged in malicious prosecution and acted in a manner other than to bring him to justice because of the lack of a thorough investigation. He seeks injunctive relief in the form of a "speedier release," having the "entire case thrown out to be overturned," and punitive damages.

7. The court takes judicial notice that plaintiff previously sued Texter and Ahern in *Carter v. Texter*, Civ. No. 14-977-SLR, wherein he also complained that he was "overly indicted" with insufficient evidence. The case was dismissed as frivolous. (*See* Civ. No. 14-977-SLR at D.I. 21, 22) The court takes further judicial notice that plaintiff pled guilty to rape, kidnaping, and robbery; the remaining charges were nolle prossed and, on June 4, 2010, plaintiff was sentenced to life plus twenty-five years. (*See Carter v. Pierce*, Civ. No. 14-595-SLR at D.I. 1, 14) Plaintiff sought Rule 61 relief in the Superior Court of the State of Delaware in and for New Castle County, denied on September 23, 2014, upon the Superior Court's finding there were no meritorious issues raised. *See State v. Carter*, 2014 WL 4782863, at *1 (Del. Super. 2014).

8. **Statute of Limitations**. Plaintiff's claim is barred by the applicable two-year statute of limitations. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. See 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See *Smith v. State*, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

9. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

10. Plaintiff alleges that defendants wrongly indicted him from June 22, 2009 to December 18, 2009. Plaintiff pled guilty to rape, kidnaping, and robbery; the remaining charges were nolle prossed, and he was sentenced on June 4, 2010. The instant

complaint was not filed until June 2015.³ Hence, it is evident from the face of the complaint that the claims are barred by the two year limitations period. Because plaintiff's allegations are time-barred the court will dismiss the § 1983 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).⁴

11. **Conclusion.** For the above reasons, the court will dismiss the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1). The court finds amendment futile. A separate order shall issue.

Dated: August 17, 2015

_____
UNITED STATES DISTRICT JUDGE

---

³The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this district has extended the *Houston* mailbox rule to pro se § 1983 complaints. *Gibbs v. Decker*, 234 F.Supp. 2d 458, 463 (D. Del. 2002).
Plaintiff signed, but did not date his complaint. The envelope it was mailed in is post-marked June 3, 2015. Therefore, plaintiff's complaint was delivered to prison authorities for mailing on or before that date. Giving plaintiff the benefit, the court concludes that plaintiff's complaint was filed in early June on or before the date it was postmarked.

⁴Because the complaint is time-barred, the court makes no finding of a malicious filing, but notes that the claims in this case are almost identical to those raised in Civ. No. 14-977-SLR, wherein the court determined defendants had prosecutorial immunity. In addition, to the extent that plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).